Zimmerman, J.,
concurring. It seems a bit incongruous that, in support of the respective conclusions reached, both the majority and dissenting opinions herein quote and rely on language used in the case of In re Estate of Marrs, 158 Ohio St., 95, 107 N. E. (2d), 148, the opinion and syllabus in which case I wrote.
In the Marrs case, it was held that denying a claimant authority to present a belated claim to the administrator of a decedent’s estate was neither error nor an abuse of discretion, where the claimant knew of the decedent’s death and the place of his residence very shortly after the death and in the exercise of reasonable diligence could have learned of the appoint *475 ment of the administrator and had a fair opportunity to present the claim within four months of that appointment as required by Section 10509-112, General Code (Section 2117.06, Revised Code).
Of course, it is well established that the syllabus of a case is to be read and appraised in the light of the facts on which the case is predicated. 14 Ohio Jurisprudence (2d), 683, Section 248.
Section 2117.06, Revised Code, provides in unequivocal terms, with certain exceptions not here involved, that those having claims against a decedent’s estate shall present the same to the executor or administrator thereof in writing within four months of the appointment of such executor or administrator. Then, the immediately following section specifies the conditions under which the filing of a belated claim may be authorized by the Probate Court. One of those conditions is that the claimant did not have actual notice of the decedent’s death or of the appointment of the executor or administrator in sufficient time to present his claim within four months of such appointment.
The well recognized rule is that exceptions to the provisions of a master statute, such as Section 2117.06, Revised Code, are to be construed strictly and limited to those situations coming clearly within the scope and intendment of such exceptions. That such strict construction may result in hardship or disappointment is inconsequential. Powell v. Koehler, 52 Ohio St., 103, 39 N. E., 195, 26 L. R. A., 480, 49 Am. St. Rep., 705; and State, ex rel. Menning et al., County Commrs., v. Zangerle, Aud., 95 Ohio St., 1, 115 N. E., 498.
In the instant case, claimant knew of decedent’s death immediately after it occurred; it also knew her identity and that she resided on Oak Street in Chagrin Falls. It is a geographical fact, readily ascertainable, that Chagrin Falls is situated in both Cuyahoga and Geauga Counties. Claimant assumed without investigation that decedent resided in Cuyahoga County, whereas she actually resided in Geauga County, and instructed its attorney to check only the Cuyahoga County records for the appointment of an administrator or executor of the decedent’s estate. Claimant also knew that its claim *476 had to he filed with such a fiduciary within four months of his appointment. The circumstance that the claim adjuster for decedent’s insurer may have lulled claimant into a sense of false security is not sufficient to excuse claimant’s lack of due diligence in protecting its interests.
On the undisputed facts, claimant, knowing of decedent’s death and her address in Chagrin Falls, slept on its rights, and there was no sound or adequate basis for allowing it to present its claim to the administrator out of time. I, therefore, concur in the opinion, syllabus and judgment in the present case. The real trouble here is that the dissenters do not agree with the Marrs case and approve the view expressed in the dissenting opinion in that case. Incidentally, the Marrs case was decided in 1952, and the General Assembly has not seen fit to disapprove of it by the enactment of legislation which would have that effect.